## ALFRED T. BAXTER, RESPONDENT, v. FRANKLIN BELL, APPELLANT, IMPLEADED, ETC.

*Demand against a firm — when extinguished by taking a bond and mortgage from two of the three partners, and merged in such bond and mortgage.*

APPEAL from a judgment in favor of the plaintiff, entered upon the report of a referee.

The action was brought to foreclose a mortgage, and the defendant, Bell, appealed from a judgment for deficiency entered against him.

Charles H. Baxter, Alfred T. Baxter and Franklin Bell, were co-partners, and for the uses and purposes of·their business took a conveyance of the lands in question.

Subsequently, William M. Baxter became a member of the firm. The deed continued to be held in the name of the original grantees. In February, 1869, Alfred T. Baxter sold out to his co-partners, including William M. Baxter, all his interest in the firm property, and in pursuance of that agreement quit-claimed to ·Charles H. Baxter and Franklin Bell, this real estate, and took from them the mortgage on said property, foreclosed in this action, and transferred all the other property to his co-partners in the ,›usiness.

The new firm continued on in business, using this real estate until their failure. After the firm failed, a composition was entered into between the firm and its creditors. Alfred T. Baxter held a claim against them for $5,380, upon simple contract ; he signed the composition deed, under seal, for $5,380 " unsecured." In this action, which is to foreclose the mortgage given upon the land, it is claimed that the composition-deed which, in its terms, releases all partnership debts, destroyed the mortgage.

The court, at General Term, said : " While it may be conceded that the land, as between the partners in equity, was partnership property, yet the debt secured by it was not a partnership debt. The bond was not signed by William M. Baxter, and he had no title in the land. When Alfred T. Baxter received the mortgage and the accompanying bond, the claim which he had against the partnership as such ceased, and he could only look to

his security. The specialty took the place of the simple contract claim. William M. Baxter could never have been sued by plaintiff for any part of the debt which became merged in the mortgage. (*Patterson* v. *Brewster*, 4 Edw. Chy., 352.)

The obligor upon the bond, and the security of the real estate, is all which the plaintiff can look to, to pay his debt. (*Williams* v. *Gillies*, Albany Law Journal, November 12, 1878, Court of Appeals.)

Judgment affirmed, with costs.

*Odle Close*, for the appellant. *Clement D. Newman*, for the respondent.

Opinion by BARNARD, P. J., DYKMAN and PRATT, JJ., concurred.

Judgment affirmed, with costs.